United States District Court
Southern District of Texas
**ENTERED**
July 14, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DERRECK PLATTENBURG, TDCJ #01835684, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-17-1651 |
| | § | |
| KENNETH DWIGHT GILLIAM, | § § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff Derreck Plattenburg (Inmate #01835684), currently confined in the Ellis Unit of the Texas Department of Criminal Justice ("TDCJ"), has filed another action under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and presumably seeks to proceed *in forma pauperis*. For the reasons that follow, the Court concludes that this case must be dismissed as frivolous and for failure to state a claim under section 1983.

**I.    BACKGROUND**

Plaintiff, who claims that he is "the 2018 new franchise starting quarterback #6 for the Los [Angeles] Rams," states that he is a Republican who has sent three complaints, one to President Donald Trump, and evidently another to this court,[1] in an effort to "continue on relief of my imminent danger of stroke of passing out [because] of [my] allerg[y] to [] sleep medication." Docket Entry No. 1 ("Complaint") at 4. He further states that he "take[s] pride paying tax fees $390,900 some odd dollars every million dollars for our troops to fight." *Id.* He also vaguely alleges that Defendant had homosexual malice towards him and engaged in an

---

[1] *See Plattenburg v. Plattenburg*, Civ. A. No. H-17-1629 (S.D. Tex. May 31, 2017) (dismissed with prejudice as frivolous, malicious, and/or for failure to state a viable claim for relief under section 1983).

unspecified hate crime against Plaintiff's religion and that Defendant fraudulently got a stranger to pose as Plaintiff's father. *Id.* at 3. For relief, he seeks "a Republican lawyer to represent [him] – he may be recommend[ed,] suggested or sent by President Elect Republican Donald Trump." *Id.* at 4.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the Court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a court reviews a prisoner's *pro se* pleading under a less stringent standard than those drafted by an attorney and construes it liberally, including all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir. 1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir.1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227, 231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

### III.   DISCUSSION

Plaintiff's allegations are factually frivolous because they are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 328). The Court concludes that the incoherent, rambling allegations contained in the complaint are irrational and wholly incredible. *See id.*; *Gartell v. Gaylor*, 981 F.2d 254, 259 (5th Cir. 1993). Accordingly, the complaint is subject to dismissal as frivolous under 28 U.S.C. §1915(e)(2)(B)(i).

Furthermore, to establish liability under section 1983, a civil rights plaintiff "must first show a violation of the Constitution or of federal law, and then show that the violation was committed by someone acting under color of law." *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 252-53 (5th Cir. 2005). Plaintiff alleges no facts to show a violation of any particular constitutional right or that Defendant was acting under color of state law for any of the claims alleged. Accordingly, Plaintiff fails to state a claim under section 1983.

### IV.   ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's claims pursuant to 42 U.S.C. § 1983 are **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous and for failure to state a claim on which relief may be granted.

2. **This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g) and**

**is Plaintiff's third strike. The Clerk of Court shall send a copy of this dismissal by email to the Clerk of the United States District Court for the Southern District of Texas, Houston Division, 515 Rusk Street, Houston, Texas, 77002, Attention: Three-Strikes List Manager, at Three_Strikes@txs.uscourts.gov.**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, this 13th day of July, 2017.

                                          MELINDA HARMON
                                     UNITED STATES DISTRICT JUDGE